Barry Milgrom, CSBN 99961
LUCE, FORWARD,
HAMILTON & SCRIPPS LLP
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
bmilgrom@luce.com

Proposed Counsel for MOHAMED POONJA,
Trustee in Bankruptcy

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

In re

JSW FINANCIAL INC.,

     Debtor.

Case No. 09-57648
Chapter 7
Hon. Roger L. Efremsky

**MOTION FOR ORDER AUTHORIZING
TRUSTEE TO "COMPROMISE"; AND
OPPORTUNITY FOR HEARING
(California Bank & Trust)**

[No hearing scheduled unless requested]

     Mohamed Poonja, Trustee in Bankruptcy ("Trustee") of the estate of the above-named Debtor, hereby moves the Court for an order authorizing him to take actions to compromise certain rights and/or claims with California Bank & Trust ("Bank"). Pursuant to the proposal, Bank will effectively subordinate 75% of its lien to the estate. That is, the Trustee will liquidate the estate assets and the Bank will accept 25% of the proceeds in full satisfaction of its secured claim against those assets and proceeds.

     Bank asserts a blanket lien on essentially all of the personal property assets of Debtor. Bank has duly filed a UCC-1 Financing Statement against the personal property assets. The Debtor's Schedules indicate that the debt owed to Bank was $103,683.69. The Trustee is informed that the debt has been paid down to something in the area of $80,000.

///

301171893.1

1      It is not clear what assets exist in Debtor's estate. The Trustee may have to incur a

2  substantial amount of time, effort, and expense in finding and liquidating assets. The Trustee was

3  not inclined to take such actions if all the proceeds would be paid to Bank. To incentivize the

4  Trustee to proceed and liquidate the assets, the Bank has agreed that the estate can be paid, as

5  described below, from liquidated assets of the estate, even though the assets might be subject to

6  the Bank's lien.

7      The parties agreed as follows:

8      1.    The Trustee will attempt to liquidate the assets of the Debtor's estate. To the extent

9  that any amounts liquidated or collected are proceeds of assets subject to the Bank's lien (and the

10  Trustee expects that all such assets will be subject to the Bank's lien), the Bank will accept from

11  the Trustee 25% of the liquidation/collection proceeds in full satisfaction of its secured claims

12  against those assets and proceeds. The remaining 75% will be retained by the bankruptcy estate of

13  Debtor free and clear of the Bank's lien. For example, if the Trustee is able to recover $100,000

14  from promissory notes in which Debtor has had an interest (including notes secured by a lien on

15  real property), and which were subject to the Bank lien, the Trustee will promptly pay to the Bank

16  $25,000 of the $100,000 proceeds. The remaining $75,000 will be retained by the estate free and

17  clear of the Bank's lien.

18      2.    The lien on the 75% of the proceeds that would be payable to Bank but for this

19  agreement shall be deemed avoided and preserved for the benefit of the estate under Bankruptcy

20  Code Section 551.

21      3.    The agreement is without prejudice to the Bank's rights to assert a general

22  unsecured claim against the estate for any amounts due to the Bank which are not paid under this

23  agreement.

24      The Trustee believes that the foregoing "compromise" is more than fair and reasonable and

25  in the best interests of this bankruptcy estate. The Trustee believes that the "compromise," to the

26  extent that it is a compromise, meets the standards of *In re A&C Properties, Inc. (Martin v. Kane)*,

27  / / /

28  / / /

784 F.2d. 1377, 1381 (9th Cir. 1986), *cert. denied sub nom Martin v. Robinson*, 479 U.S. 854, 107 S. Ct. 189 (1986); see also *Fireman's Fund Ins. Co. v. Woodson (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).

In considering the approval of a proposed compromise, the court must take into account the following factors:

(1)     The probability of success in the litigation;

(2)     The difficulty, if any, to be encountered in collection;

(3)     The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;

(4)     The paramount interest of creditors and a proper deference to their reasonable views.

The Trustee does not believe that these factors fit well into this situation. The Trustee is not aware of any reasonable challenges to the Bank's lien. Therefore, there does not appear to be any probability of success in litigating the issue. While there would be no difficulties encountered in collection if the matter could be litigated, there would be no point in doing so. The Trustee believes that the proposal is in the best interests of the creditors and the estate.

The Trustee served notice of his intent to "compromise" to all creditors and interested parties. An authentic copy of the Notice is attached as **Exhibit A** and is incorporated by reference.

WHEREFORE the Trustee requests entry of an order authorizing him to approve take the actions described herein and/or in the Notice.

DATED: May _13_, 2010                LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____

BARRY MILGROM
Proposed Counsel for MOHAMED POONJA,
Chapter 7 Trustee in Bankruptcy

301171893.1

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>JSW FINANCIAL INC.,<br><br>Debtor. | Case No. 09-57648 RLE<br>Chapter 7<br>Hon. Roger L. Efremsky<br><br>[No Hearing Required Unless Objection Filed] |

### NOTICE OF TRUSTEE'S INTENT TO "COMPROMISE"; AND OPPORTUNITY FOR HEARING
### (California Bank & Trust)

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** Mohamed Poonja, Trustee in Bankruptcy ("Trustee") of the estate of above-named Debtor ("Debtor"), intends to compromise certain rights and/or claims with California Bank & Trust ("Bank"). Pursuant to the proposal, Bank will effectively subordinate 75% of its lien to the estate. That is, the Trustee will liquidate the estate assets and the Bank will accept 25% of the proceeds of the liquidation of those assets in full satisfaction of its secured claim against those assets and proceeds.

### Background

Bank asserts a blanket lien on essentially all of the personal property assets of Debtor. Bank has duly filed a UCC-1 Financing Statement against the personal property assets. The Debtor's Schedules indicate that the debt owed to Bank was $103,683.69. The Trustee is informed that the debt has been paid down to something in the area of $80,000.

It is not clear what assets exist in Debtor's estate. The Trustee may have to incur a substantial amount of time, effort, and expense in finding and liquidating assets. The Trustee was not inclined to take such actions if all the proceeds would be paid to Bank. To incentivize the Trustee to proceed and liquidate the assets, the Bank has agreed that the estate can be paid, as described below, from liquidated assets of the estate, even though the assets might be subject to the Bank's lien.

The parties agreed as follows:

1.     The Trustee will attempt to liquidate the assets of the Debtor's estate. To the extent that any amounts liquidated or collected are proceeds of assets subject to the Bank's lien (and the Trustee expects that all such assets will be subject to the Bank's lien), the Bank will accept from the Trustee 25% of the liquidation/collection proceeds in full satisfaction of its secured claims against those assets and proceeds. The remaining 75% will be retained by the bankruptcy estate of Debtor free and clear of the Bank's lien. For example, if the Trustee is able to recover $100,000 from promissory notes in which Debtor has had an interest (including notes secured by a lien on real property), and which were subject to the Bank lien, the Trustee will promptly pay to the Bank $25,000 of the $100,000 proceeds. The remaining $75,000 will be retained by the estate free and clear of the Bank's lien.

2.     The lien on the 75% of the proceeds that would be payable to Bank but for this agreement shall be deemed avoided and preserved for the benefit of the estate under Bankruptcy Code Section 551.

3.     The agreement is without prejudice to the Bank's rights to assert a general unsecured claim against the estate for any amounts due to the Bank which are not paid under this agreement.

The Trustee believes that the foregoing "compromise" is more than fair and reasonable and in the best interests of this bankruptcy estate. The Trustee believes that the "compromise," to the extent that it is a compromise, meets the standards of *In re A&C Properties, Inc. (Martin v. Kane.)*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom Martin v. Robinson*, 479 U.S. 854, 107 S. Ct. 189 (1986); *see also Fireman's Fund Ins. Co. v. Woodson (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).

Case: 09-57648    Doc# 43    Filed: 05/11/10    Entered: 05/11/10 13:14:28    Page 5 of 6

In considering the approval of a proposed compromise, the court must take into account the following factors:

(1)     The probability of success in the litigation;

(2)     The difficulty, if any, to be encountered in collection;

(3)     The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;

(4)     The paramount interest of creditors and a proper deference to their reasonable views.

The Trustee does not believe that these factors fit well into this situation. The Trustee is not aware of any reasonable challenges to the Bank's lien. Therefore, there does not appear to be any probability of success in litigating the issue. While there would be no difficulties encountered in collection if the matter could be litigated, there would be no point in doing so. The Trustee believes that the proposal is in the best interests of the creditors and the estate.

The Trustee will request that the Order authorizing the payment requested herein not be stayed for 10 days, under Bankruptcy Rule 6004(h), or otherwise.

## Objections or Requests for Hearing

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed "compromise" or any request for hearing thereon. Any objection to the proposed "compromise" or request for hearing must be filed with the United States Bankruptcy Court, U.S. Bankruptcy Court, San Jose Division, Third Floor, Room 3035, 280 South First Street, San Jose, CA 95113-3099, and served on counsel for the Trustee at the address noted below within 21 days from the mailing of this notice. Any request for hearing or objection to the proposed relief must be accompanied by any declarations or memoranda of law that the party objecting or requesting wishes to present in support of its objection. If no party in interest timely objects to the requested relief or requests a hearing, the Trustee will seek entry of an order approving the requested relief by default, without further notice and in the absence of an actual hearing. If a timely objection or request for a hearing is made, counsel for the Trustee will give at least 7 days' written notice of the hearing to the objecting or requesting party.

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, electronic filing became mandatory in the United States Bankruptcy Court for the Northern District of California. Those persons who may wish to object but are not qualified to file documents electronically with the Bankruptcy Court should check the Bankruptcy Court's website (www.canb.uscourts.gov) for guidance.

DATED: May 7, 2010              LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By: _____
       BARRY MILGROM
       Proposed Counsel for MOHAMED POONJA, Trustee in Bankruptcy


Barry Milgrom, State Bar No. 99961
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356-4610
bmilgrom@luce.com

301171888.1                                    2